BUFFALO PITTS COMPANY, Appellant, v. DEEG,
Respondent.
(138 N. W. 802.)

1. **New Trial—Notice of Intention—Extending Time—Striking Out
Record.**

   The trial court may, for cause, extend time within which to
serve notice of intention to move for new trial and neither the
bill of exceptions nor the motion for new trial can be stricken
out because of failure to serve notice of intention within 20
days after verdict.

2. **Appeal—Dismissal of Appeal—Striking Out Record Immaterial.**

   Even though bill of exceptions and motion for new trial were
stricken out, that would be no sufficient reason for dismissing
appeal, as the case would be before the court for review on
judgment roll.

3. **Chattel Mortgage—No Mortgage by Parol Agreement—Mortgage
Lien.**

   Under Civ. Code, Sec. 2091, concerning delivery of copy of
mortgage, and Sec. 2092, concerning form of mortgage and
filing of same, **held,** a chattel mortgage cannot be created by nor
exist by parol, and a parol agreement to execute such mortgage
will not create a mortgage lien.

4. **Pledge—Agreement to Execute Chattel Mortgage—Possession—
Directing Verdict.**

   A parol agreement to execute a chattel mortgage does not
create a lien by way of pledge of personalty, where the property
comes to possession of alleged pledgee unknown to owner, and
not pursuant to the agreement; and trial court should have
sustained plaintiff's motion for directed verdict at close of
evidence, made on ground that no lien existed.

(Opinion filed December 3, 1912.)

Appeal from Circuit Court, Beadle County. Hon. ALVA E.
TAYLOR, Judge.

Action by the Buffalo Pitts Company against William Deeg,
in claim and delivery for recovery of a traction engine. From
a judgment for defendant and from an order denying a new trial,
plaintiff appeals. Reversed.

*Chamberlain & Hall, and William A. Kerr,* for Appellant.

The allegations of defendant's answer and the evidence given
at the trial fail absolutely to show that the plaintiff's agent Rosing
had any authority, actual or ostensible, to enter into a contract or
agreement with the defendant Deeg by which the latter was to
receive a first mortgage or any other lien on Buffalo Pitts Special

Traction Engine No. 10033.   Reeves & Co. v. Lewis, (S. D.)
125 N. W. 289.

Plaintiff's agent Rosing was a special agent.   Civil Code
1658; J. I. Case Threshing Co. v. Eichinger, (S. D.) 91 N. W.
82.   He was acting under special instruction from the plaintiff.
(See Exhibit D).

Authority of a special agent must be strictly pursued, and
those dealing with him must at their peril determine the extent
of his authority.   J. I. Case Co. v. Eichinger, 91 N. W. 84; New
Birdsall Co. v| Schull, 86 N. W. 654; Luke v. Grigg, 30 N. W.
170, Cyc. Vol. 31, pp. 1323, 1324, 1325.

The defendant has the burden of proving that it was within
the scope of the agent Rosing's authority to give a mortgage on
Buffalo Pitts Special Traction Engine No. 10033.   31 Cyc., p.
1644; Corey v. Hunter, (N. D.) 84 N. W. 570.

The authority of an agent to mortgage the property of the
principal is rarely to be inferred.   It is not to be implied from
the general authority to manage, or even to sell, the principal's
property.   31 Cyc., p. 1390, and cases there cited; Edgerly v.
Cover, 106 Iowa, 670, 77 N. W. 328; Jeffrey v. Hursh, 49 Mich.
31, 12 N. W. 898; Morris v. Watson, 3 Allen, 491; Kiefer v.
Klinsick, 144 Ind. 46, 42 N. E. 447; Hawxhurt v. Rathgeb, (Cal.)
51 Pac. 846; Golinsky v. Allison, 114 Cal. 458, Pac. 295; 1 Ency.
of Law, 2d Ed. pp. 1018 and 1010, and cases there cited; Chicago,
R. I. & P. Ry. Co. v. Chickasha Nat. Bank, 174 Fed. 923, 98 C. C.
A. 535.

In the present case the Buffalo Pitts engine had been sold to
Wollman Bros. under contract by which plaintiff got no cash
down, but took in the old Nichols & Shepard engine as the first
payment.   (See Def. Exhibit 1, p. 141 Rec.).   The engine had
been delivered to the purchaser.   (Rec. and Trans. p. 89).   Can it
be said that under these circumstances the very nature of the
business to be transacted required the agent to give to a third person
a first mortgage on the property which had been sold by the
principal?

Nor can the power to give a first mortgage on the Buffalo
Pitts engine be implied from the power to accept a release of the
mortgage on the old Nichols & Shepard engine, as this would

certainly not be the usual or necessary means for an agent to employ for such an end. Chickasha Bank Case, supra, and Story on Agency (9th Ed.) Sec. 83.

Liability of the principal is determined not by apparent authority of the agent, but by what a third person exercising reasonable care and prudence is justified in believing the principal had conferred on his agent. Cyc. vol. 31 p. 1335, and cases cited; Aldrich v. Wilmarth, 54 N. W. 811; Fargo v. Cravens, 70 N. W. 1053; Corey v. Hunter, 84 N. W. 570; Kirby v. Western Wheel Co., 70 N. W. 1052; C. C. 1675.

It stands undisputed that Deeg knew at the time that the engine which the Buffalo Pitts Co. was selling to Wollman Bros. had already been delivered. Therefore if he knew that the engine was the property of Wollman Bros., he could not have believed that Rosing had any authority to give him a first mortgage or any kind of a mortgage on it.

A principal is not bound by an agent's illegal contract. 31 Cyc. 1570.

One cannot be held liable for the fraudulent representations of an unauthorized agent, by accepting the benefits without knowledge of the representations. Nichols v. Burns, 37 N. W. 752; Shull v. New Birdsall Co., 86 N. W. 654; Jewell Nursery Co. v. State, 59 N. W. 1025, 67 N. W. 629.

The evidence does not show that the defendant had any mortgage or lien on or right to the possession of Buffalo Pitts Special Traction Engine No. 10033 at the time this action was started by the plaintiff or at any time.

The defendant based his defense upon the agreement of plaintiff's agent Rosing to give him a first mortgage on the said engine. Hence if the court finds that Rosing had no authority to make such an agreement, there is no evidence in the case which shows any right in the defendant to hold the engine when demanded by plaintiff's agent.

The verdict is against the evidence in that the undisputed testimony shows that the defendant Deeg saw and examined the release of mortgage upon the Nichols & Shepard engine which he signed and that he was a man of ordinary intelligence and able to read and write and is therefore presumed to know the contents of said instrument.

The defendant Deeg knew that the paper submitted to him by Rosing for signature was a release of mortgage on the old Nichols & Shepard engine. See, his testimony on cross-examination (p. 62 Rec. & Trans.). Mower Harwood Creamery & Dairy Supply Company v. Hill, (Iowa) 113 N. W. 466; see, also, Reed v. Coughran, (S. D.) 111 N. W. 559; Farlow v. Chambers, (S. D.) 110 N. W. 94.

The verdict is against the evidence because no fraud is shown on the part of plaintiff in obtaining the release of the mortgage on the Nichols & Shepard engine and therefore said release was valid and binding in law.

Some general allegations of fraud were contained in defendant's answer, but no relief on account of fraud was asked for.

Further, as shown in part III, supra, there was no reliance on the statement of plaintiff's agent, as the undisputed testimony shows that Rosing told Deeg that he had already delivered the Buffalo Pitts engine to Wollman Brothers (Rec. & Trans. p. 89), and hence Deeg must have known that the Buffalo Pitts company could not give him a mortgage on said engine.

An oral chattel mortgage is invalid and contrary to law and an oral chattel mortgage being the only claim of defendant upon Buffalo Pitts Special Traction engine No. 10033. Sec. 2090 C. C.; Sec. 2091 C. C.; Bank v. Elevator Co., 85 N. W. 219; Park v. Robinson, 91 N. W. 344; Sec. 2092 C. C.

Under the latter section the oral chattel mortgage in question is clearly null and void. See Walklin v. Horswill, (S. D.) 123 N. W. 668 and 670.

The court erred in overruling the plaintiff's motion to direct a verdict at the close of defendant's testimony. (P. 87, Rec. & Trans.).

Plaintiffs had introduced their mortgage on Buffalo Pits Special Traction Engine No. 10033 and shown a default in its terms giving them the right to foreclose, and had established their right to possession for the purpose of foreclosing their said mortgage (pp. 32 to 38 Rec. & Trans.). Defendant's claim was based on an oral chattel mortgage, which as shown in part VII, was void. Defendant had introduced absolutely no testimony to show any authority on the part of plaintiff's agent to make the agreement

which defendant was trying to establish. On this record the court should have directed a verdict for the plaintiff.

The general rule of law as to when a verdict should be directed was stated in the case of Peet v. Dak. Fire & Marine Ins. Co., 1 S. D. 462, 47 N. W. 532.

The question of the extent of the authority should not be submitted to the jury where there is no competent evidence, or where it is manifestly insufficient to prove the authority. 31 Cyc. 1676; also, Quale v. Hazel, 19 S. D. 483, 104 N. W. 215.

The court erred in denying plaintiff's motion to direct a verdict made after both parties had rested and all the testimony was in (p. 119 Rec. & Trans.).

It will be noted that this motion is the same as that made at the close of defendant's testimony (p. 85 Rec. & Trans.), with the addition of the last paragraph.

On rebuttal defendant offered no testimony as to the authority of the plaintiff's agent to give the mortgage in question. Mower Harwood Creamery Co. v. Hill, 113 N. W. 466; Reed v. Coughran, (S. D.) 111 N. W .559; Farlow v. Chambers, (S. D.) 110 N. W. 94.

*C. A. Kelley* and *James Byrnes,* for Respondent.

"One who has a lien upon property may pledge it to the extent of his lien." Sec. 2108 C. C; Section 2109: "One who has allowed another to assume the apparent ownership of property for the purpose of making any transfer of it cannot set up his own title to defeat a pledge of the property made by the other, to a pledgee who received the property in good faith, in the ordinary course of business, and for value." Section 2111: "A pledgor and pledgee may agree upon a third person with whom to deposit the property pledged." Code of Civil Procedure, title 4, chapter 2, page 726, section 920. "A transfer may be made without writing in every case in which a writing is not expressly required by statute."

This agreement to give the defendant a lien does not come within the statute of frauds for the reason that the defendant executed this release in writing and the plaintiff through its agent received the release and, not only that, but they also took the Nichols & Shepard engine which was released and this, sure, was a sufficient consideration to take the agreement out of the statute

of frauds, and to make the agreement of the plaintiff to give the defendant a lien on this engine that they sold Wollman Bros., and on which their testimony shows; that at the time they held a mortgage for the sum of $2,400.00. (Rec. and Trans. p. 100), Not only this but the agreement was also carried out by Wollman Bros. turning the Buffalo Pitts engine over to the defendant.

Now, in regard to the authority of O. G. Rosing, plaintiff's agent, to bind plaintiff by contract or agreement to give the defendant a first lien on the new Buffalo Pitts engine for a release of the defendant's mortgage on the Nichols & Shepard engine and this question involves practically all other questions raised in appellant's brief in regard to rulings by the court on evidence and on the motion of plaintiff for a directed verdict. As Mr. Rosing, plaintiff's agent, had authority to bind plaintiff there is no question but what the court's ruling was right.

The evidence in this case shows that plaintiff's agent, Mr. Rosing, had, or at least appeared to have, absolute authority to go out there and turn over the Buffalo Pitts engine and close up the deal and get the Nichols & Shepard engine and make any arrangements that he saw fit to secure this defendant by a first lien or otherwise, on the Buffalo Pitts engine for a release of the defendant's mortgage on the Nichols & Shepard engine and the defendant was justified in believing that said agent had such authority and in dealing with him in the manner he did.

Under all the evidence and circumstances in this case, we think, it comes clearly within the rules of law laid down in the following cited authority and that the plaintiff was bound in this matter by the acts of its agent. See Goodrich v. Hanson and Peterson, 33 Illinois, 499; Bentley v. Doggett et al., 51 Wis. 224, at page 29 and 30. See, also, cases therein cited. And Cheever v. Pittsburgh, Shenago and Lake Erie Railroad Company, 150 N. Y. 59; Munn v. The President and Directors of the Commission Company, 15 Johns. 44, 5 N. Y. Common Law Reports, 1005; Creighton v. Finlayson et al., 64 N. W. 1103 (Neb.); Johnson et al. v. Milwaukee and W. Investment Co., 64 N. W. 1100 (Neb.), at page 1102.

Furthermore, the general nature of the business and its requirements were elements for consideration. Furniture Co. v. Hardaway, (Ala.) 16 South. 29.

We think the case at bar comes clearly within the rule above quoted in the case of Johnson v. Milwaukee W. Inv. Co.

SMITH, J. This is an appeal from the circuit court of Beadle county. Preliminary to consideration of the case on its merits respondent moved the court to strike out the bill of exceptions, and dismiss the appeal for the reason, among other things, that appellant did not within 20 days after the verdict of the jury serve a notice of intention to move for a new trial. The record discloses that the verdict of the jury was returned and entered on the 31st day of December, 1910, and that no notice of intention to move for a new trial was served until the 31st day of July, 1911.

[1] It is well settled, however, that the trial judge for sufficient cause may extend the time within which notice of intention may be served. The record in this case discloses that Judge Taylor, the trial judge, allowed five extensions of time within which to serve such notice of intention. So far as the record before us is concerned, no reasons whatever for granting these extensions appear. However, respondent in this motion does not raise any question as to the grounds upon which these various extensions were granted, and for that reason we are not called upon to consider whether the trial court was or was not justified in granting this large number of extensions. It is only necessary to note that the last order of extension is date July 3, 1911, and was for a period of 30 days from that date, thus extending the time of service of the notice beyond the 31st day of July, 1911, at which time the notice was served. The time for settling the bill of exceptions was likewise extended by the same orders. It follows that neither the bill of exceptions nor the motion for a new trial can be stricken out upon the grounds urged.

[2] And, even though both were stricken out, the motion to dismiss the appeal would have to be denied, as no question is raised as to the regularity of the appeal itself, and the case would be before the court for review upon the judgment roll. [3] The action is claim and delivery by the Buffalo Pitts Company against William Deeg to recover possession of a Buffalo Pitts special traction engine. The evidence tends to show that plaintiff sold and delivered the engine to Jacob and Joseph Wollman on August

19, 1910, at which time the Wollmans gave plaintiff a chattel mortgage on the engine and on certain live stock to secure payment of the purchase price, which chattel mortgage was duly filed on the 26th day of August, 1910, and contained a provision that, in case of default, plaintiffs were authorized to take possession of the mortgaged property for the purpose of foreclosure. Previous to the purchase of this new engine, the Wollmans had purchased a threshing outfit, consisting of a Nichols and Shepard engine and separator, from the defendant Deeg, and had executed to William Deeg a chattel mortgage on the Nichols and Shepard engine in the sum of $800 to secure a part of the purchase price. Some time prior to August, 1910, the Nichols and Shepard engine was injured by an explosion which rendered it useless without extensive repairs and made it necessary for the Wollmans to purchase a new engine in order to continue threshing grain. Before the purchase of the new engine by the Wollmans, the plaintiff was told by them that Deeg would release his mortgage on the old Nichols and Shepard engine in order that they might turn it in as part of the purchase price on the new engine, and it appears that Deeg had told the Wollmans that he would release the mortgage on the old engine if the Wollmans desired to trade it in on the new engine. Under this arrangement, the new engine was delivered to the Wollmans on August 19, 1910, and on August 20, 1910, one Rosing, an agent of plaintiff, went to the home of defendant, Deeg, and procured from him a release of the mortgage on the old Nichols and Shepard engine, and some time thereafter the plaintiff shipped the same to their St. Paul agency. About one month after the new engine was delivered to the Wollmans, for some reason not clearly disclosed by the record, they turned over possession of the new engine to the defendant, Deeg, and it remained in his possession until after default in the condition of the plaintiff's mortgage. Upon default plaintiff sought to take possession of the engine for the purpose of foreclosure, and demanded possession from Deeg, who refused to surrender it. Plaintiff thereupon instituted this action. The complaint is in the ordinary form, alleging all the facts necessary to entitle plaintiff to possession for the purpose of foreclosure upon default. Plaintiff appeals from the judgment and an order overruling motion for a new trial. At the trial plaintiff offered in evidence the

chattel mortgage executed by the Wollmans to plaintiff, evidence of default in the conditions of the mortgage, demand and refusal of possession, together with certain alleged damages for wrongful detention, and rested its case. The answer alleges defendant is entitled to possession of the engine by virtue of an agreement with plaintiff, by which defendant was given a first lien on the engine, to secure payment to defendant of $800 which Wollman Bros. owed defendant; that defendant, prior to these transactions, had a first mortgage for the sum of $800 on a threshing engine which he had theretofore sold Wollman Bros.; that plaintiff's agent told defendant he desired to trade to Wollman Bros. a new engine for the one defendant had sold them, and that, if defendant would release his mortgage on the old engine, plaintiff would give him a first lien for the amount due on his mortgage on the new engine which they proposed to trade to Wollman Bros. for the old engine; that defendant agreed that, as soon as plaintiff gave him a first lien on the new engine, he would release the mortgage on the old engine, and plaintiff stated that they would give him a first lien on the new engine; that the plaintiff wished at once to repair the old engine, and asked defendant to sign a paper to give plaintiff the privilege of repairing the old engine, and which plaintiff represented would not in any way release or affect defendant's rights under the first mortgage on the old engine; that defendant, relying on these statements, which were false and fraudulent, was induced to sign a paper without reading or ascertaining what said paper contained, believing it was a paper authorizing plaintiff to repair the old engine, and would not in any way affect plaintiff's rights under his mortgage on the old engine, or release said mortgage; that defendant afterward ascertained that the paper he signed was a release of his mortgage on the old engine, or was changed, after he signed it, to a release, which was thereafter filed in the register of deeds office, and through which plaintiff wrongfully and fraudulently secured a release and cancellation of the first mortgage on the old engine; that plaintiff then took said old engine into its possession and appropriated it to its own use. Wherefore defendant prays that plaintiff's complaint be dismissed, and that defendant be adjudged and decreed to have a first lien upon the engine described in plaintiff's complaint for the sum of $800, and be awarded possession of said engine, together with

costs and damages. At the trial defendant did not attempt to sustain the allegations of fraud contained in the answer, and the cause was tried upon the theory that plaintiff had given defendant a first lien on the engine, by virtue of which defendant became entitled to possession.

At the trial defendant as a witness in his own behalf testified that he signed a release of the old mortgage, and further testified as follows: "Q. Did he [plaintiff's agent] agree himself that he would see that you got this first mortgage on this engine? A. Yes, sir. Q. He took that responsibility himself, guaranteed that to you A. Yes, sir. * * * Q. Did the Buffalo Pitts Company give you a first mortgage on this engine? A. No, sir; they did not. Q. And that was the reason you have refused to turn this engine over at Broadland, at the time this other man came out? A. Yes, sir. . Q. And you never received from them yet a first mortgage on this engine for $800 or any other sum? A. No, sir. Q. Have they taken possession of this (old) engine and taken it away? A. Yes, sir; they have. Q. And what was this engine they took, what was the name of it A. Nichols and Shepard 25 horse engine. Q. That was the one that you had sold to Wollman Brs.? A. Yes, sir. Q. And which you had a first mortgage on? A. Yes, sir." From this testimony of the defendant himself it conclusively appears that no mortgage in fact was ever executed or attempted to be executed by the agent of plaintiff or by plaintiff.

The utmost effect which could be given this evidence would be to treat it as an agreement on the part of plaintiff's agent to execute a mortgage to defendant. In the case of Walklin v. Horswill, 24 S. D. 191, 123 N. W. 668, this court held that, under the provisions of the statutes of this state, a chattel mortgage could not be created by parol. Section 2091 of the Civil Code provides: "Every mortgagee of a chattel mortgage shall, at the time of its delivery, make and deliver to the mortgagor a full true and complete copy of such mortgage." Section 2092 reads: "No register of deeds shall receive or file any chattel mortgage which does not contain a receipt over the signature of the mortgagor, to the effect that a copy of such mortgage has been received by him, and every chattel mortgage not containing such receipt shall be null and void." Under these sections of the Code,

it is plainly evident that a chattel mortgage can neither be created by nor exist in parol. It is equally clear that a parol agreement to execute a chattel mortgage cannot itself create a mortgage lien.

[4] It is respondent's contention, however, that the alleged agreement for the execution of a mortgage to defendant, together with possession in him, are sufficient to create a lien by way of pledge of personal property. The evidence, however, conclusively shows that plaintiff delivered the engine to Wollman Bros. and not to defendant, and that the Wollmans, without the knowledge or consent of plaintiff, delivered possession of the engine to defendant, Deeg, and that plaintiff had no knowledge of such transaction whatever until after default in the mortgage, and possession was sought for purposes of foreclosure. It is plain, therefore, even if it be assumed that plaintiff's agent agreed to execute a first mortgage to Deeg, that possession of the property was never turned over to defendant by plaintiff under, or pursuant to, any such agreement, and no lien by way of pledge was or could have been created by the unauthorized act of the Wollmans in delivering possession of the engine to the defendant, Deeg. The trial court therefore erred in denying plaintiff's motion to direct a verdict at the close of all the evidence.

In the view we take of the case, it is unnecessary to discuss other assignments of error. The judgment and order of the trial court are reversed, and the cause remanded for further proceedings according to the law.